UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLEN BRANDYS,

    Plaintiff,

v.                                          Case No.:   2:18-cv-450-SPC-MRM

R.V. WORLD, INC., OF NOKOMIS, d/b/a
GERZENY'S R.V. WORLD, A FLORIDA
PROFIT CORPORATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The parties filed a Joint Motion for Approval of Settlement and to Dismiss the Case With Prejudice on October 18, 2019. (Doc. 30). Plaintiff Allen Brandys and Defendant R.V. World, Inc., of Nokomis, d/b/a Gerzeny's R.V. World, a Florida Profit Corporation, jointly request that the Court approve the terms of their proposed Settlement Agreement and dismiss the case with prejudice. (*Id*. at 1). The proposed Settlement Agreement is attached as Exhibit A to the parties' motion. (*See* Doc. 30-1). After a careful review of the parties' submissions and the court file, the Undersigned respectfully recommends that the presiding United States District Judge **APPROVE** the proposed settlement.

**LEGAL STANDARD**

To approve the settlement of Fair Labor Standards Act ("FLSA") claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing

for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## CLAIMS AND DEFENSES

In the Complaint, Plaintiff alleges violations under the following claims: Count I – Breach of Oral Contract; Count II – Violation of 29 U.S.C. §207 Overtime Compensation; and Count III – Unjust Enrichment. (Doc. 1 at 6-9). Plaintiff alleges that Defendant hired Plaintiff to work as a non-exempt hourly RV Technician in August of 2017. (*Id*. at 3). Plaintiff contends Defendant verbally offered to pay Plaintiff $28.00 per hour for each hour worked, during his ninety (90) day probationary period, and $30.00 per hour for each hour worked immediately following the completion of his probationary period. (*Id*.). Plaintiff alleges that after successfully completing his probationary period, Defendant refused to pay him at the hourly rate

2

of $30.00 per hour. (*Id.* at 4). Plaintiff claims that he objected to the alleged breach of oral contract and Defendant responded by terminating him. (*Id.*). Defendant disputes the existence of any oral contract and contends that, even if there was one, Plaintiff was an at-will employee who may not seek wages for hours he had not yet worked. (Doc. 30 at 2). Defendant states that it "maintained detailed records which [sic] demonstrated that from his 91st day of employment to his last day of employment Plaintiff worked only 8.4 hours of overtime for which Plaintiff was paid at the rate of one and a half times his regular hourly rate of $28 per hour" and Defendant points out "Plaintiff acknowledged in his Complaint and in his Answers to the Court's Interrogatories that his regular hourly rate was $28 per hour." (*Id.*); (Doc. 12 at 4). Regarding Plaintiff's unjust enrichment claim, Defendant argues that no relief would be available because Plaintiff was given adequate consideration for the benefit he conferred when Plaintiff was properly compensated for the time he worked. (Doc. 30 at 3). In order to avoid the costs and uncertainty of litigation the parties, both represented by counsel, negotiated a settlement of this matter. (*Id.*). The Undersigned now turns to the terms of the settlement.

## ANALYSIS OF THE PROPOSED SETTLEMENT

As a threshold matter, the Undersigned notes that the proposed settlement here is atypical. Under the terms of the Proposed Settlement Agreement, Plaintiff will not receive any payment for alleged violations of the Fair Labor Standards Act. (*See* Doc. 30 at 3). The Agreement provides Plaintiff is to receive $1,841.53 as payment to resolve his oral breach of contract claim and no payment to resolve his unjust enrichment claim. (*Id.*). Plaintiff's attorney is to receive $628.47 for litigation costs and no payment for actual attorney's fees as part of the compromise of Plaintiff's claims. (*Id.* at 4, 7-8). The parties jointly agree that "Plaintiff was an at will employee" and "the detailed records provided in discovery demonstrated Plaintiff was

paid correctly for all hours worked if the rate is calculated at $28.00 an hour. (*Id*. at 3). Under a *Lynn Food Stores* analysis, the Undersigned finds that a zero-dollar recovery for the FLSA claim in this case is fair and reasonable based upon the parties' joint representations that the FLSA claim ultimately proved to have no merit. (*See id.*); *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1355. In reaching this conclusion, the Undersigned places significant weight on the fact that Plaintiff is represented by experienced counsel in this case capable of ascertaining through adequate discovery and review of Defendant's records whether the FLSA claim had any merit and, if not, of negotiating a reasonable compromise of the other non-FLSA claims to benefit the Plaintiff.

*Defendant's Signature on the Settlement Agreement*

As another threshold consideration, the Undersigned notes that the parties did not file a copy of the fully executed settlement agreement. Instead, the copy the parties filed is signed only by the Plaintiff. (*See* Doc. 30-1). The Undersigned would ordinarily require the parties to re-file a copy of the fully executed document for the Court's consideration. The parties here, however, jointly represent in their motion to approve the proposed settlement that the agreement has been "fully executed." (Doc. 30 at 3). The Undersigned has no reason to question this representation by counsel of record who are also officers of this Court. Thus, the Undersigned finds and recommends that the proposed settlement may be approved notwithstanding the parties' failure to submit a copy of the fully executed settlement agreement.

*Attorney's Fees and Litigation Costs*

It is not clear to the Undersigned whether the Court is required under *Lynn Food Stores* and its progeny to approve the parties' agreement as to no payment of attorney's fees and payment of $628.47 in litigation costs because in the context of this case, the only claim involved

that would provide for the recovery of attorney's fees was the FLSA claim Plaintiff is agreeing to resolve with no monetary payment.  Assuming, *arguendo*, that the Court must approve the parties' agreement as to no attorneys' fees and payment of limited litigation costs, the Undersigned concludes that the proposed settlement on these terms is fair and reasonable.  The Agreement provides for an award of $628.47 in litigation costs to be paid to Plaintiff's counsel for his work on the settlement.  (Docs. 30 at 4, 8, 30-1 at 2).  The parties state that these matters were "agreed upon separately and without regard to the amount paid to the Plaintiff."  (*Id*. at 7).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached, and the attorney's fees and litigation costs were agreed upon, without compromising the amount paid to Plaintiff.  (*See* Doc. 30 at 7-8).

Thus, assuming the Court must evaluate these matters, the Undersigned finds that the proposed settlement of attorney's fees and costs did not adversely affect the amount Plaintiff will recover and that the parties' agreement in this regard is fair and reasonable.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and that the proposed settlement should be approved by the Court.

## CONCLUSION

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1. The parties' Joint Motion for Approval of Settlement and to Dismiss the Case With Prejudice (Doc. 30) be **GRANTED**.

2. The Settlement Agreement and Release of Wage Claims (Doc. 30-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' dispute.

3. If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 30, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties